## CHARGE TO JURY IN PROSECUTION FOR STABBING WITH INTENT TO WOUND.

Circuit Court of Cuyahoga County.

ANTONIO CAMPANARIO V. STATE OF OHIO.

Decided, March 24, 1911.

*Criminal Law—Reasonable Doubt.*

In a prosecution for stabbing with intent to wound a charge as follows, "A man put upon trial here charged with a crime, starts out in the trial with the presumption in his favor that he is not guilty. That presumption must be overcome by evidence satisfying the jury to a reasonable certainty of guilt. You do not have to be absolutely certain of guilt in order to find a party guilty; you must be satisfied in such degree that you have no reason to doubt his guilt. Your minds must be so satisfied of his guilt that your conscience would be satisfied with a verdict of guilty; that you would feel you have not made any mistake. You could not be absolutely certain; that is not required. If you have an honest difficulty after you have considered the evidence; an honest, conscientious difficulty in believing the defendant guilty, then you ought not to convict. If you are reasonably certain of his guilt, then you ought to convict. You are not to have any hesitation about convicting if the evidence warrants it. You ought not to convict unless the evidence does warrant it," while not commended, is not, as a whole, incorrect.

*F. H. Ewing,* for plaintiff in error.
*John A. Cline,* contra.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

Campanario was convicted of maliciously stabbing one Michael Degidio with intent to wound. The prosecuting witness testified:

"Q. How soon after you fell to the floor was it he stabbed you? A. It was in the same moment; he slapped me, knocked me down and jumped on top of me and stabbed me."

The state's witness Rafael Picazzo testified that Ampanario "slapped Degidio in the face, hit him in the face, and he fell and he got on top of him."

At p. 45 the following colloquy is set forth:

"Q.   State whether or not between the time of the slap and the time Petriacco took him away, Campanario was on the floor at any time?

"State objects.   It has not been stated he was on the floor but that he knocked him down and stabbed him.   We don't claim he was on top of him.

"Defendant:   The testimony of Rafael Picazzo was he was on top of him.

"Court.   If the state doesn't claim he was on the floor there is no need of these questions.

"State.   We don't claim that."

The question was thereupon abandoned.   No exception was reserved.   It is claimed, however, that the state's disclaimer here is necessarily a confession of the defendant's innocence, since the evidence shows that if he stabbed Degidio at all, he did so while on top of him.   We think this does not necessarily follow.   "On the floor" is not the same as "on top of" Degidio. Even if it were, the ultimate fact of stabbing, etc., was for the jury.

At page 79, the court charged:

"A man put upon trial here charged with a crime starts out in the trial with the presumption in his favor, that he is not guilty.   That presumption must be overcome by evidence satisfying the jury to a reasonable certainty of guilt.   You do not have to be absolutely certain of guilt in order to find a party guilty; you must be satisfied in such degree that you have no reason to doubt his guilt.   Your minds must be so satisfied of his guilt that your conscience would be satisfied with a verdict of guilty; that you would feel you have not made any mistake.   You could not be absolutely certain; that is not required.

"If you have an honest difficulty after you have considered the evidence; an honest, conscientious difficulty in believing the defendant guilty, then you ought not to convict.   If you are reasonably certain of his guilt, then you ought to convict.

"You are not to have any hesitation about convicting if the evidence warrants it.   You ought not to convict unless the evidence does warrant it."

Without qualification, the sentence, "If you are reasonably certain of his guilt, then you ought to convict," does not re-

quire proof of guilt beyond a reasonable doubt. "Reasonably" in the connection in which it is employed, naturally means tolerably, moderately, measurably. In the phrase, "reasonable doubt" the word "reasonable" means according to sound reason. But as here qualified the entire charge on the subject is not incorrect, though we do not commend it.

We find no error in the record, and the judgment is affirmed.